Filed 11/6/14  P. v. Ruiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

JOSEPH RAUL RUIZ,

     Defendant and Appellant.

E061325

(Super.Ct.No. FWV1400672)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Victor R. Stull, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Joseph Raul Ruiz pled no contest to first degree burglary (count 5; Pen. Code, § 459).  As provided in the plea agreement, the court granted defendant three years formal probation.

After counsel filed the notice of appeal, this court appointed counsel to represent

1

defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a statement of the facts, and identifying two potentially arguable issues: whether defendant's plea was constitutionally valid and whether defendant's alcohol probation terms should be stricken. We affirm.

FACTUAL AND PROCEDURAL HISTORY[1]

On February 24, 2014, Ontario Police Officer Luis Mena was dispatched with his partner to a burglary in progress at an apartment complex. As he drove into an alley of the apartment complex, he saw an open garage with numerous objects stacked in front of it. Defendant and Rosa Guerrero, defendant's codefendant,[2] were standing in front of the garage. They matched the description of the suspects Officer Mena had been provided. Guerrero was holding a cell phone.

Officer Mena looked inside the garage where he saw the drywall had been broken away, the "two-by-four studs were exposed," and he could see into the apartment behind the wall. Officer Mena then spoke with the apartment manager, Juan Razurra. Razurra said he was familiar with defendant and Guerrero as they had been squatting in the garage since the occupants of the apartment had been recently evicted. Razurra had given defendant and Guerrero two days to vacate the garage.

Officer Mena contacted one of the juveniles who occupied the apartment that was

---

[1] The parties stipulated the preliminary hearing transcript would provide the factual basis for the plea.

[2] Guerrero is not a party to this appeal.

2

visible through the hole in the garage wall. The juvenile said he and his brother were inside the apartment when they heard loud banging coming from one of the bedrooms. When he looked in the bedroom, he saw a man and woman. He became scared, so he ran outside and contacted Razurra. The juvenile identified defendant and Guerrero as the individuals whom he saw inside the bedroom.

A cell phone and charger were discovered missing from the apartment. Officer Mena recovered the cell phone from Guerrero. Officer Mena then arrested defendant and Guerrero. Officer Mena's partner transported defendant to the police station.[3] A cell phone charger was found in the back of the patrol unit where defendant had been seated. A cellophane wrapper containing what appeared to be, and tested presumptively positive for, methamphetamine was found on Guerrero's person.

The People charged defendant by information with first degree burglary, person present (count 1; Pen. Code, § 459) and receiving stolen property (count 2; Pen. Code, § 496, subd. (a).) On May 23, 2014, defendant entered into a plea agreement whereby he pled no contest to an interlineated count 5 charge of first degree burglary in return for the People's agreement to drop the allegation that a person was present, dismissal of the remaining counts, dismissal of two other misdemeanor cases charged against him, and a grant of three years formal probation.

Defendant initialed the boxes adjacent to the provisions of his plea agreement informing him of his rights and the consequences of his plea. Defendant initialed the box

---

[3] Officer Mena transported Guerrero to the police station in a separate vehicle.

3

next to item No. 19, the statement reflecting he had had sufficient time to consult with his attorney regarding the plea and that his attorney had explained everything in the agreement to him. Defendant signed the plea agreement. Defense counsel signed the plea agreement reflecting she had "personally read and explained the contents of the" agreement to defendant.

The court asked defendant if he had reviewed the plea agreement with his lawyer before initialing the boxes and signing it. Defendant responded he had. The court noted, "Paragraph 5 that you initialed talks about Constitutional Rights that citizens enjoy that you are giving up to change your plea[] today. I don't need to go over those any further, do I, [defendant]?" Defendant responded the court did not. The court found defendant understood his rights and intelligently waived them. Defendant entered his plea.

The court referred the matter out for the preparation of a probation officer's report prior to sentencing. During the probation interview, defendant admitted using marijuana and beer. The probation officer recommended that "[s]hould the court decide to impose a felony grant of probation, drug terms should be added based on admitted use." The probation officer's recommended term No. 16 reads that defendant, "Neither possess nor consume any alcoholic beverages nor enter places where such beverages are the chief item of sale[]" and "[s]ubmit to tests at the direction of the probation officer."

At the sentencing hearing on June 9, 2014, defense counsel specifically objected "to all the drug terms," including term No. 16. The court ruled, "the request [regarding] the drug terms will be denied. I leave that—those types of things up to the sound discretion of the probation department." The court granted defendant three years formal

4

probation, term No. 16 of which required that defendant, "Neither possess nor consume any alcoholic beverages nor enter places where such beverages are the chief item of sale, and submit to tests at the direction of the probation officer."

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he did not do so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Marlow* (2004) 34 Cal.4th 131, 147 [constitutional validity of plea reviewed under totality of the circumstances]; *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69 [appellate court must show deference to trial court's determination of appropriate conditions of probation such as imposition of alcohol probation term even in case where alcohol was not directly implicated in crime].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

RICHLI
J.

5